IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:19-CR-7-FL-1
NO. 2:21-CV-33-FL

| | | |
|---|---|---|
| ZAKEM RAHMERE CLINTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 51, 54) and respondent's motion to dismiss (DE 59). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Kimberly A. Swank entered a memorandum and recommendation ("M&R") (DE 64), wherein it is recommended that the court deny petitioner's motion and grant respondent's motion. Thereafter, petitioner objected to M&R. In this posture, the issue raised are ripe for ruling. For the following reasons, the court adopts the M&R, dismisses petitioner's § 2255 motion, and grants respondent's motion.

## BACKGROUND

Petitioner pleaded guilty on January 15, 2020, to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Prior to sentencing, the United States Probation Office filed a presentence report ("PSR") calculating a total offense level of 21, criminal history category VI, and a guidelines imprisonment range of 77 to 96 months. The court sentenced petitioner, on September 15, 2020, to a term of imprisonment of 77 months.

Petitioner filed the instant motion to vacate on July 22, 2021, claiming that his sentence was improperly enhanced on the basis of a prior crime of violence, and that his counsel was ineffective in not raising this issue. In its motion to dismiss, the government argues that petitioner's claim is without merit because it is contrary to controlling case law, it is not cognizable on collateral review, and it does not provide a basis for an ineffective assistance of counsel claim. In M&R the magistrate judge recommends dismissal for failure to state a claim upon which relief can be granted. Petitioner filed objections to the M&R on July 5, 2022.

## DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the

court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.     Analysis

The magistrate judge thoroughly and cogently addressed the grounds for dismissal of the instant petition. Upon de novo review of the claims asserted and the record in this case, the court overrules the objections and adopts the findings and recommendation in the M&R. The issues raised by petitioner's objections are addressed by the discussion in the M&R, and they do not provide a basis for additional analysis by the court.

In particular, the M&R correctly determined that petitioner's claims are without merit, where petitioner's prior conviction for common law robbery qualifies as a "crime of violence" for purposes of petitioner's offense level calculation under § 2K2.1. See United States v. Gattis, 877 F.3d 150, 160 (4th Cir. 2017). Accordingly, petitioner's claim for ineffective assistance of counsel also fails under both the "performance" and "prejudice" prongs set forth in Strickland v. Washington, 466 U.S. 668, 687-94 (1984).

In sum, petitioner's claim must be dismissed as a matter of law.

C.     Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322,

336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 64). Petitioner's motion to vacate, set aside, or correct his sentence (DE 51, 54) is DENIED, and respondent's motion to dismiss (DE 59) is GRANTED. This action is DISMISSED for failure to state a claim upon which relief can be granted. A certificate of appealability is DENIED. The clerk is DIRECTED is close this case.

SO ORDERED, this the 31st day of October, 2022.

                                         LOUISE W. FLANAGAN
                                         United States District Judge